MARIE D. SIMMONS v. HUGHES A. SIMMONS

No. 7422DC314

(Filed 5 June 1974)

Divorce and Alimony § 18— alimony pendente lite — insufficiency of findings

The trial court erred in awarding alimony *pendente lite* to the wife where the court made findings with respect to the wife's poor physical condition and her need for additional monthly income but made no finding as to whether the wife had any separate estate or financial resources whereon to subsist during the prosecution of her action and to defray the necessary expenses thereof.

DEFENDANT appeals from *Hughes, Judge,* September 1973 Session of District Court held in DAVIDSON County.

This is an appeal by defendant, husband of plaintiff, from an order awarding child support, alimony pendente lite, and counsel fees.

*DeLapp, Hedrick and Harp, by Sim A. DeLapp, for plaintiff appellee.*

*Wilson & Biesecker, by J. Lee Wilson, for defendant appellant.*

BRITT, Judge.

Defendant contends that the evidence presented, and the findings made by the trial judge, were not sufficient to support the order appealed from. We agree with the contention in one particular.

---

To qualify for alimony pendente lite, a dependent spouse must show, among other things, that said spouse does not have sufficient means whereon to subsist during the prosecution or defense of his or her action and to defray the necessary expenses thereof. G.S. 50-16.3(a)(2). When an application is made for alimony pendente lite, and a hearing is held pursuant to the application, the judge must find the facts from the evidence presented. G.S. 50-16.8(f). "At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse as in the same manner as alimony." G.S. 50-16.4.

In the case at hand, while the court made findings with respect to plaintiff's poor physical condition and her need for additional monthly income, the court made no finding as to whether plaintiff had any separate estate or financial resources whereon to subsist during the prosecution of her action and to defray the necessary expenses thereof. For that reason, the order appealed from is vacated and the cause is remanded for further proceedings.

Error and remanded.

Chief Judge BROCK and Judge CAMPBELL concur.